UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JASON PAUL MEADOWS,

    Plaintiff,

v.

PATTY NIEPOTH, et al,

    Defendants.
_____/

Case No. 1:15-cv-253

Hon. Robert J. Jonker

**REPORT AND RECOMMENDATION**

This is an action brought by *pro se* plaintiff Jason Paul Meadows against defendants Patty Niepoth, Antrim County Register of Deeds ("Niepoth"), Renee Elder, Custer Township Treasurer ("Elder"), Sherry A. Comben, Antrim County Treasurer ("Comben"), Robert Logee, Custer Township Assessor ("Logee"), and Robert Massey, Antrim County Building Inspector ("Massey"). The matter is before the Court on motions to dismiss the complaint for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1), and for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), filed by defendants Elder and Logee (docket no. 26) and defendants Comben, Massey and Niepoth (docket no. 28). Plaintiff opposes the motions (docket nos. 29 and 30).

    **I.**    **Background**

Plaintiff lives in Antrim County, Michigan. He owns property there, in Custer Township. When plaintiff failed to pay 2013 taxes on the property, the county treasurer sent him a

1

delinquency notice in the amount of $519.02. (docket no. 1, PageID #71). Plaintiff still did not pay. On March 31, 2015, the property was forfeited to Antrim County for nonpayment (docket no. 30-1, PageID # 307). The matter is presently set for a hearing on January 16, 2016, in the Antrim County Circuit Court to show cause why title should not vest in the county. *Id.*

In 2014, plaintiff was issued a civil citation for alleged building code violations at the property (docket no. 1-1, Page ID# 69). A formal hearing was held before the Hon. Micheael J. Haley in 86th District Court for Antrim County (docket no. 1-1, Page ID# 70). The disposition of the alleged violations is unclear from the record.

Plaintiff commenced this action on March 13, 2015, by filing a thirty-one page document entitled "Plaintiffs Memorandum in Support for Injunctive Relief and Declaratory Judgement" (the "complaint"), accompanied by seventy-six pages of attachments (docket nos. 1, 1-1). The defendants are all local government officials in Antrim County who apparently had some role in the assessment of taxes on plaintiff's property, efforts to collect those taxes, or other interactions with plaintiff concerning the property.

The complaint appears to have been printed off-line and based on a 1984 article discussing the history of the concept known as "allodial" title and the development of land patents. (docket no. 28, PageID #235). The seventy-six pages of attachments include a variety of documents, including correspondence between plaintiff, the defendants and other government officials; documents relating to a code violation proceeding, an abstract and other documents relating to title of the parcel in question; and the original grant of title from the State of Michigan to one John Charlton in 1871 (docket no. 1-1, PageID #32-107).

The complaint does not contain a statement of plaintiff's claim or a demand for relief and plaintiff's writings in general are rife with language of the tax protester movement. In attachments to the complaint and in other writings, plaintiff variously asserts that actions by the defendants violate the 1st Amendment, the 7th Amendment, and amount to a conspiracy under 18 U.S.C. 241, 242. Whatever the basis, it appears certain, that plaintiff would have this Court rule that his property is somehow exempt from taxes imposed by Michigan law and enjoin the show cause hearing in Antrim County Circuit Court. The Court should do neither because it lacks subject matter jurisdiction over the issues presented in this case.

## II.    Discussion

### A.    Legal Standard

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Insurance Company of America*, 511 U.S. 375, 377 (1994). The basic statutory grants of federal-court subject-matter jurisdiction are contained in 28 U.S.C. §§ 1331 (federal question jurisdiction) and 1332 (diversity of citizenship jurisdiction). *Arbaugh v. Y&H Corporation*, 546 U.S. 500, 513 (2006). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen*, 511 U.S. at 377 (internal citations omitted). "[W]hen subject matter jurisdiction is challenged, the plaintiff has the burden of proving jurisdiction in order to survive the motion to dismiss." *Giesse v. Secretary of Department of Health and Human Services*, 522 F.3d 697, 702 (6th Cir. 2008).

In determining whether the district court has subject matter jurisdiction of a claim under Rule 12(b)(1), the district court must assume that plaintiff's allegations are true and must construe the allegations in a light most favorable to plaintiff. *Little Traverse Bay Bands of Odawa*

*Indians v. Great Spring Waters of America, Inc.*, 203 F.Supp.2d 853, 855 (W.D. Mich. 2002). "Relief is appropriate only if, after such construction, it is apparent to the district court that there is an absence of subject matter jurisdiction." *Id*.

In resolving motions to dismiss, the court has a duty to construe a *pro se* complaint liberally. *See Haines v. Kerner*, 404 U.S. 519 (1972); *Kent v. Johnson*, 821 F. 2d 1220, 1223-24 (6th Cir. 1987). However, the liberal construction of *pro se* complaints does not require this Court to conjure up unpled allegations. *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979).

      **B.**    **Subject Matter Jurisdiction**

          **1.**    **Diversity**

District courts have original jurisdiction of civil actions "where the matter in controversy exceeds the sum or value of $75,000" and is between "citizens of different states." 28 U.S.C. § 1332. Plaintiff does not allege that he is a citizen of a state other than Michigan (docket no. 1, 1-1). Plaintiff also does not allege that any defendant is a citizen of a state other than Michigan (docket no. 1, 1-1). This action is not between "citizens of different states." Plaintiff does not allege that the amount in controversy exceeds $75,000.00. Accordingly, plaintiff has failed to allege facts establishing diversity jurisdiction.

          **2.**    **Federal question**

District courts also have original jurisdiction of all civil actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).

Plaintiff's complaint presents no cognizable federal question. This Court has previously held that it lacked subject matter jurisdiction over a dispute arising from the failure to pay state property taxes based on a claim of allodial title flowing from the grant of a land patent. *See Klinge v. Vandecar*, No. 1:13-cv-213, No. 2013 WL754437 (W.D. Mich. February 27, 2013)(dismissing plaintiff's lawsuit attacking the state court tax foreclosure on his property) *citing to, Hilgeford v. Peoples Bank*, 776 F.2d 176, 178 (7th Cir. 1985), ("It is well-settled . . . that a controversy regarding land has never been regarded as presenting a federal question simply because one of the parties to it has derived his title from a patent or under an act of Congress"). *See also, Lawson v. Brousseau*, No. 4:06-cv-33, No. 2006 WL 1362913 (W.D. Mich. May 18, 2006)(dismissing plaintiff's § 1983 claim against public officials for due process and equal protection violations arising from alleged over assessment of property taxes on plaintiff's real estate, "Plaintiff's challenge to the state property tax system is barred both by statute and by a broad common-law principle of comity that governs constitutional challenges to state tax administration.").

The relief plaintiff seeks here is also barred by statute and principles of comity. The Tax Injunction Act, 28 U.S.C. § 1341 (the "Act"), provides that federal "district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." *See, generally, Hibbs v. Winn*, 542 U.S. 88, 107 (2004) (the Tax Injunction Act applies to "cases in which state taxpayers seek federal-court orders enabling them to avoid paying state tax"). Since this is precisely the result plaintiff seeks here, the Act is fatal to his claims.

The Act, in turn, reflects a deeper "fundamental principle of comity between federal courts and state governments that is essential to 'Our Federalism,' particularly in the area of state

taxation." *Thiokol Corporation v. Department of Treasury, State of Michigan, Revenue Division*, 987 F.2d 376, 378 (6th Cir. 1993), quoting *Fair Assessment in Real Estate Association n v. McNary*, 454 U.S. 100, 103(1981).

In *Fair Assessment*, the Supreme Court discussed this principle of comity and held that plaintiffs must contest a state tax system in state court:

> [T]axpayers are barred by the principle of comity from asserting § 1983 actions against the validity of state tax systems in federal courts. Such taxpayers must seek protection of their federal rights by state remedies, provided of course that those remedies are plain, adequate, and complete, and may ultimately seek review of the state decisions in this Court.

*Fair Assessment*, 454 U.S. at 116 (footnotes omitted). "This exclusion of federal courts from the state taxation area is so far reaching it precludes federal courts from declaring state tax laws unconstitutional." *Thiokol*, 987 F.2d at 378, citing *Fair Assessment*, 454 U.S. at 103. Again, this is precisely the relief plaintiff seeks and so, like the Act, comity bars plaintiff's claims.

"Under both the Tax Injunction Act and the doctrine of comity, a plaintiff bears the burden of pleading and proving the inadequacy of state judicial remedies." *Lawson v. Brousseau*, No. 4:06-cv-33, 2006 WL 1362913 at *3 (W.D. Mich., May 18, 2006). As in *Lawson*, plaintiff here "has not attempted to do so, nor could he," make such a showing. *Id.* Michigan courts provide an appropriate forum in which plaintiff's claims can be heard and Michigan law provides adequate remedies for those claims.

> "The Sixth Circuit has examined and upheld the adequacy of the remedies available to a taxpayer under the laws of the State of Michigan to seek vindication of constitutional rights in the state courts. *See, e.g., Chippewa Trading Co. v. Cox*, 365 F.3d at 542-43; *Helmsley v. City of Detroit*, 320 F.2d 476 (6th Cir. 1963)(Declaratory Judgment Act challenge to Michigan property tax assessment under due process and equal protection principles barred, because Michigan

6

courts provide an adequate remedy); *see also Kistner v. Milliken*, 432 F. Supp. 1001 (E.D. Mich. 1977)(appeal of right to state court of appeals from Tax Tribunal is a plain and adequate remedy for purposes of Tax Injunction Act)."

*Lawson*, WL 1362913 at *3. Accordingly, plaintiff is barred from pursuing his claims in this Court.

### III. Recommendation

For the reasons set forth above, the Court lacks subject matter jurisdiction over plaintiff's claims. I respectfully recommend that defendants' motions to dismiss (docket nos. 26 and 28) be **GRANTED** and that this action be **DISMISSED** in its entirety.[1]

Dated: October 29, 2015         /s/ Ray Kent
                                RAY KENT
                                United States Magistrate Judge


ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report. All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

---

[1] In light of this conclusion, I do not reach defendants' arguments that the complaint should also be dismissed under Fed.R.Civ.P. 12(b)(6), but note that many of the same factors that support the conclusion that the Court lacks subject matter jurisdiction would also support dismissal of the complaint for failure to state a claim upon which relief can be granted.